Johns J. Walsh, J.
Defendant appeals from a judgment of conviction upon a plea of guilty to the crime of driving while intoxicated (Vehicle and Traffic Law, § 1192).
The affidavit of errors sets forth the following alleged errors :
(a) The offense was wholly committed within the territorial limits of the City of Borne and the Justices’ Court of the Town of Verona was without jurisdiction.
(b) The Justice failed to comply with section 699 of the Code of Criminal Procedure in informing defendant of his rights and should have arraigned defendant when he first appeared in court instead of committing defendant to county jail in lieu of bail until the following day.
(c) The informations are defective.
It appears that Trooper Begner was patrolling in the Town of Verona on Boute 365 when he observed defendant approaching from the rear and at a rather fast rate of speed. The trooper stopped and signaled defendant to stop. The trooper questioned the defendant about his fast driving and smelled alcohol on his breath. Not satisfied that there was sufficient evidence of speed to warrant a ticket, the trooper permitted defendant to proceed, but decided to follow him.
The defendant then increased his speed over the speed limit with the trooper in pursuit. The trooper claims that their respective speeds increased to 70, then 80 and then close to 100 miles per hour and that he could not overtake defendant until after they left the Town of Verona and entered the City of Borne.
In view of this situation, the offense, if any, occurred in the Town of Verona and since the trooper was in close pursuit, the arrest was proper.
The return of the Justice states that he informed defendant of his rights both when he first was brought before him on February 16, 1961 and again when he appeared before him on February 17.
The situation which existed in the Justice’s office on February 16,1961 appears to be one which required a good deal of restraint and the exercise of discretion by the Trial Justice.
Both the return and an affidavit of the trooper indicate quite clearly that the defendant was in no condition to be arraigned at that time. ‘ ‘ This man came into my court at about 6:30 p.m. 2/16/61 by Trooper Gr. W. Begner. He said he would not be taken alive. While trooper was calling barracks for another trooper, he started for the door of my office. I stood in his way so he could not get out. The trooper tried to make him *64 sit down which he wouldn’t do. He kept continually talking and swearing. I told him of Ms rights and pleaded not guilty for him. Then adjourned ease to 2/17/61 6 p.m. Committed him to Oneida Co. Jail.” (Statement on back of certificate of conviction.)
The affidavit of Trooper Eegner details the condition of the defendant at the time and contains the following: “ We entered the Justice’s home and I laid two informations before him setting forth the charges mentioned. Justice Deeley advised the defendant of his right to counsel, whereupon he began to cry, curse and shout loudly again. The Justice further attempted to advise him, but Welfel would not listen but continued to act disorderly. * * * Justice Deeley stated that he did not think the defendant was in any condition to understand the charges and stated that he would commit him to the Oneida County Jail unless the defendant could post $150.00 bail to cover both charges.”
This court fails to see wherein the Trial Justice deprived the defendant of any of his rights at this time. In fact, he protected his rights by entering a plea of not guilty for him.
The affidavit of errors does not claim that the Justice failed on February 17 to protect defendant’s rights. “ The defendant was taken before Judge Deeley in Durhamville, New York on February 16th, 1961 at about 7:00 p.m. Judge Deeley failed to comply with any of the provisions of said Section 699 but instead directed the trooper to deliver the defendant to the Oneida County Jail at Eome and directed the trooper to bring him back before said Court at 6:00 p.m. the following day, February 17, 1961. It was at about this time on February 17, 1961 that Judge Deeley arraigned the defendant and asked him how he would plead, and that he was entitled to counsel. Defendant then pleaded guilty. He was not represented by counsel either on February 16th or 17th, 1961. The defendant should have been immediately arraigned on his first appearance before Judge Deeley on February 16 and should have been advised of all of the provisions of Section 699 at that time.”
Whether a defendant is physically or mentally incapacitated at the time of arraignment must be left to the wise discretion of the Justice presiding and he can hardly be criticized for proceeding with caution. The arraignment of a defendant who is unable to understand the charge either because of emotional disturbance or physical condition is not an arraignment either in the eyes of the law nor of common sense.
There is no merit to the assigned errors on appeal. The judgment of conviction upon the plea of guilty is therefore affirmed.